

Search for Cases by: | Select Search Method... ▼

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**     GrantedPublicAccess Logoff MICHAELDCERULO

## 18SL-CC03620 - YVONNE COLLINS-MYERS V THOMPSON COMPANIES INC ETAL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ⦿ Descending ◯ Ascending     Display Options: | All Entries ▼

| | |
|---|---|
| **11/09/2018** | ☐ **Summons Issued-Circuit** |
| | Document ID: 18-SMOS-1155, for TRIANGLE TRUCKING, INC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **11/02/2018** | ☐ **Agent Served** |
| | Document ID - 18-SMCC-8423; Served To - THOMPSON COMPANIES INC; Server - ; Served Date - 24-OCT-18; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served |
| | ☐ **Order Granting Leave** |
| | SO ORDERED: JUDGE ELLEN RIBAUDO |
| **10/30/2018** | ☐ **Hearing/Trial Cancelled** |
| | SCHEDULED IN ERROR |
| | **Scheduled For:** 12/05/2018;  9:00 AM ;  THEA A SHERRY,  St Louis County |
| **10/29/2018** | ☐ **Case Mgmt Conf Scheduled** |
| | **Associated Entries:** 10/30/2018 - Hearing/Trial Cancelled ⊞ |
| | **Scheduled For:** 12/05/2018;  9:00 AM ;  THEA A SHERRY;  St Louis County |
| | ☐ **Note to Clerk eFiling** |
| | **Filed By:** NURU LATEEF WITHERSPOON |
| | ☐ **Petition:** |
| | Amended Petition. |
| | **Filed By:** NURU LATEEF WITHERSPOON |
| | **On Behalf Of:** YVONNE COLLINS-MYERS |
| **10/12/2018** | ☐ **Summ Issd- Circ Pers Serv O/S** |
| | Document ID: 18-SMOS-1012, for GOFF, RUSSELL. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| | ☐ **Summons Issued-Circuit** |
| | Document ID: 18-SMCC-8423, for THOMPSON COMPANIES INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **09/21/2018** | ☐ **Filing Info Sheet eFiling** |
| | **Filed By:** NURU LATEEF WITHERSPOON |
| | ☐ **Note to Clerk eFiling** |
| | **Filed By:** NURU LATEEF WITHERSPOON |
| | ☐ **Pet Filed in Circuit Ct** |
| | Original Petition. |
| | **On Behalf Of:** YVONNE COLLINS-MYERS |
| | ☐ **Judge Assigned** |
| | DIV 18 |

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| YVONNE COLLINS-MYERS,<br>2162A Allen Avenue<br>St. Louis, Missouri 63104 | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **Case No.** |
| THOMPSON COMPANIES, INC. f/k/a<br>TRIANGLE TRUCKING CO.<br>Through its Registered Agent<br>Joseph T. Thompson<br>3614 W. Arrow<br>Marshall, Missouri  65340 | ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| RUSSELL GOFF<br>794 W. Ash St.<br>Salina, Kansas  67401, | ) ) ) ) | |
| **Defendant.** | ) ) | |

### PLAINTIFF'S ORIGINAL PETITION

**COMES NOW,** Plaintiff Yvonne Collins-Myers ("Plaintiff"), complaining of and against

THOMPSON COMPANIES, INC. f/k/a TRIANGLE TRUCKING CO. and RUSSELL GOFF

(collectively, the "Defendants"), and respectfully shows unto the Court the following:

### PARTIES

1. Plaintiff Yvonne Collins-Myers is a resident of St. Louis, St. Louis County, Missouri.

2. Defendant, Thompson Companies, Inc., formerly known as "Triangle Trucking Company" ("Thompson"), is a Missouri Corporation and may be served with Summons through its registered agent, Joseph T. Thompson, 3614 W. Arrow, Marshall Missouri 65340. **Issuance**

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

of Summons is requested.

3.      Defendant, Russell Goff ("Goff"), is a resident of Salina, Saline County, Kansas, and may be served with Summons at his place of residence, 704 W. Ash St., Salina, Kansas 67401. **Issuance of Summons is requested.**

## JURISDICTION AND VENUE

4.      Venue is proper in this Court pursuant to RSMo. § 508.010(4).  Plaintiff sustained injuries as a direct and proximate result of acts and omissions committed by the Defendants in St. Louis County, Missouri.

5.      This court has subject matter jurisdiction.  The instant action arises from Defendants' acts and omission in the State of Missouri.

## AGENCY

6.      At all times material hereto, Defendants acted by and through actual, apparent, ostensible or by estoppel agents, acting within the course and scope of such agency.  Accordingly, Defendant Thompson had actual knowledge of all adverse actions and conduct against Plaintiff through its respective officers, directors, vice-principals, agents, servants and/or employees.

## FACTS

7.      On or about October 21, 2017, Plaintiff was traveling in the right lane of eastbound Highway 70 approaching the ramp to Lucas and Hunt Road when she observed an emergency vehicle on the right shoulder of the ramp from South Bound Lucas and Hunt.  Plaintiff responded by slowing her vehicle to allow vehicles exiting the ramp to merge with highway traffic.

8.      Defendant Goff was operating a Freightliner 18-wheeler tractor and trailer and traveling in the right lane of eastbound Highway 70 directly behind Plaintiff.  As Plaintiff slowed

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

her vehicle, Defendant Goff crashed into the rear of Plaintiff's vehicle, causing her to lose control and to spin out into the "fast lane" of eastbound Highway 70.

9.     As a result of the crash, Plaintiff sustained serious physical injuries and her vehicle was totaled.

10.     At all relevant times, Defendant Goff was within the course and scope of his employment with Defendant Thompson.

<u>**COUNT I.**</u>
**NEGLIGENCE AND NEGLIGENCE *PER SE***
**(Defendant Russell Goff)**

11.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

12.     Defendant Goff was negligent.   This defendant's negligence was the proximate cause of Plaintiff's personal injuries.   Goff was negligent by failing to:

   a.   Keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

   b.   Properly apply the brakes to his truck in order to avoid the collision;

   c.   Turn the direction of the truck away from the Plaintiff's vehicle, in order to avoid the accident;

   d.   Control the speed of the 18-wheeler truck;

   e.   Drive attentively to the road and traffic;

   f.   Identify, predict, decide and execute evasive maneuvers appropriately in order to avoid crashing into Plaintiff; and

   g.   Drive in a safe and non-reckless manner while operating a tractor and trailer on the road.

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

13.     Defendant Goff's conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations ("CFR").  As such these acts and omissions constitute negligence *per se*.

### COUNT II.
### RESPONDEAT SUPERIOR
**(Defendant Thompson)**

14.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

15.     At the time of the crash described above, Defendant Goff was acting in the course and scope of his employment with Defendant Thompson and, upon information and belief, driving a tractor and trailer owned by Defendant Thompson.  As such, Defendant Thompson is vicariously liable for Defendant Goff's negligence under the doctrine of *respondeat superior*.  Plaintiff alleges that all of these damages, as well as the occurrence made the basis of this action, were proximately caused solely by the conduct of the named Defendants and that the named Defendants are jointly and severally liable for Plaintiff's damages.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

### COUNT III.
### NEGLIGENCE AND NEGLIGENCE *PER SE*
**(Defendant Thompson)**

16.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

17.    The conduct of Defendant Thompson, by and through its agents, servants and employees, was the proximate cause of Plaintiff's personal injuries.  Defendant Thompson was negligent in the following ways:

      a.    Hiring and employing incompetent drivers such as Defendant Goff;

      b.    Failing to establish and implement a safety program for its drivers to safely operate its trucks;

      c.    Failing to properly train and supervise its truck drivers before authorizing them to operate its trucks on national highways and roadways, including Defendant Goff;

      d.    Failing to exercise control and direction over drivers' activities while operating its trucks; and

      e.    Failing to communicate to  its drivers, including Defendant Goff, any duties or obligations to ensure compliance of the state and other applicable regulations in the performance of their employment services.

18.    Defendant Thompson's conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations ("CFR").  As such these acts and omissions constitute negligence *per se*.

19.    Each of the above acts and omissions, singularly or in combination with each other, was a  proximate cause of Plaintiff's injuries and damages as described in this Petition.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

## COUNT IV.
### NEGLIGENT ENTRUSTMENT
### (by Defendant Thompson)

20.    Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

21.     Defendant Thompson negligently entrusted its truck to Defendant Goff and in doing so, proximately caused Plaintiff's damages.   Defendant Thompson knew or should have known by exercising ordinary diligence that Defendant Goff was a reckless or incompetent truck driver and should have not allowed him to operate one of its trucks.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

## COUNT V.
## EXEMPLARY DAMAGES

22.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

23.     Plaintiff further alleges that Defendant Thompson should have known that hiring, employing and sending Defendant Goff out on public roads and highways created an unreasonably high degree of risk of substantial harm to others. These acts and omissions, whether taken singularly or in combination, were aggravated by conduct for which the law allows the imposition of exemplary damages.  Defendants' conduct demonstrates a conscious indifference to the rights, safety, or welfare of others.  Accordingly, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, for such sum as will serve to punish Defendants and deter Defendants and others from such conduct.

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

## COUNT VI.
## DAMAGES

24.      As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has sustained severe damages in an amount in excess of the minimum jurisdictional limits of this Court.   As a result of her injuries, Plaintiff incurred reasonable and necessary medical expenses in a sum exceeding $48,354.85.  Additional damages include, but are not limited to:

- Physical pain (past and future)

- Reasonable and necessary medical, hospital, and nursing expenses (past and future)

- Emotional distress;

- Lost wages (past)

- Mental anguish; and

- Pre and post judgment interest to the extent allowed by law.

## PRAYER

**WHEREFORE,** Plaintiff prays that Defendants be cited to appear and answer, and that on final jury trial, Plaintiff be awarded judgment against Defendants, jointly and severally, for the damages cited in this Petition.

## JURY TRIAL

Plaintiffs request trial by jury on all counts of this Petition.

Electronically Filed - St Louis County - September 21, 2018 - 03:12 PM

Respectfully Submitted,

Nuru Witherspoon
Missouri Bar Number 66812
The Witherspoon Law Group
1717 McKinney Ave.,  Suite 700
Dallas, Texas 75202
(214) 773-1133 PH
(972) 696-9982 FX

**ATTORNEYS FOR PLAINTIFF**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  18SL-CC03620 |
|---|---|
| Plaintiff/Petitioner:<br>YVONNE COLLINS-MYERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NURU LATEEF WITHERSPOON<br>2614 MAIN ST<br>DALLAS, TX  75226 |
| Defendant/Respondent:<br> THOMPSON COMPANIES INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Vehicular | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  THOMPSON COMPANIES INC
**Alias:**  TRIANGLE TRUCKING CO

**3614 W ARROW**
**MARSHALL, MO  65340**

SERVE REGISTERED AGENT:
JOSEPH T THOMPSON



*COURT SEAL OF*

*ST. LOUIS COUNTY*

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>12-OCT-2018</u>
**Date**

**Further Information:**
**ALD**

_____ /Clerk

### Sheriff's or Server's Return
**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                 _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                              Date                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  18SL-CC03620 |
|---|---|
| Plaintiff/Petitioner:<br>YVONNE COLLINS-MYERS<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>NURU LATEEF WITHERSPOON<br>2614 MAIN ST<br>DALLAS, TX  75226 |
| Defendant/Respondent:<br>THOMPSON COMPANIES INC<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

<div align="right">(Date File Stamp)</div>

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  RUSSELL GOFF
Alias:

794 W ASH ST
SALINA, KS  67401



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>12-OCT-2018</u>
Date
Further Information:
ALD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                               ☐ the judge of the court of which affiant is an officer.
                               ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                    (use for out-of-state officer)
                               ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| YVONNE COLLINS-MYERS, | ) |
| 2162A Allen Avenue | ) |
| St. Louis, Missouri 63104 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      **Case No. 18SL-CC03620** |
| | ) |
| TRIANGLE TRUCKING, INC. | )      **JURY TRIAL DEMANDED** |
| Through its Registered Agent | ) |
| Patricia A. Counts | ) |
| 2250 Hein | ) |
| Salina, Kansas  67401 | ) |
| | ) |
| and | ) |
| | ) |
| RUSSELL GOFF | ) |
| 794 W. Ash St. | ) |
| Salina, Kansas  67401, | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S AMENDED ORIGINAL PETITION

**COMES NOW,** Plaintiff Yvonne Collins-Myers ("Plaintiff"), complaining of and against

TRIANGLE TRUCKING, INC. and RUSSELL GOFF (collectively, the "Defendants"), and

respectfully shows unto the Court the following:

### PARTIES

1.    Plaintiff Yvonne Collins-Myers is a resident of St. Louis, St. Louis County,

Missouri.

2.    Defendant, Triangle Trucking, Inc. ("Defendant Triangle") is a Kansas Corporation

and may be served with Summons through its registered agent, Patricia A. Counts, 2250 Hein,

Salina, Kansas 67401.   **Issuance of Summons is requested.**

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

3.      Defendant, Russell Goff ("Goff"), is a resident of Salina, Saline County, Kansas, and may be served with Summons at his place of residence, 704 W. Ash St., Salina, Kansas 67401. **Summons has already been issued and service is being perfected.**

## JURISDICTION AND VENUE

4.      Venue is proper in this Court pursuant to RSMo. § 508.010(4).  Plaintiff sustained injuries as a direct and proximate result of acts and omissions committed by the Defendants in St. Louis County, Missouri.

5.      This court has subject matter jurisdiction.  The instant action arises from Defendants' acts and omission in the State of Missouri.

## AGENCY

6.      At all times material hereto, Defendants acted by and through actual, apparent, ostensible or by estoppel agents, acting within the course and scope of such agency.  Accordingly, Defendant Triangle had actual knowledge of all adverse actions and conduct against Plaintiff through its respective officers, directors, vice-principals, agents, servants and/or employees.

## FACTS

7.      On or about October 21, 2017, Plaintiff was traveling in the right lane of eastbound Highway 70 approaching the ramp to Lucas and Hunt Road when she observed an emergency vehicle on the right shoulder of the ramp from South Bound Lucas and Hunt.  Plaintiff responded by slowing her vehicle to allow vehicles exiting the ramp to merge with highway traffic.

8.      Defendant Goff was operating a Freightliner 18-wheeler tractor and trailer and traveling in the right lane of eastbound Highway 70 directly behind Plaintiff.  As Plaintiff slowed her vehicle, Defendant Goff crashed into the rear of Plaintiff's vehicle, causing her to lose control and to spin out into the "fast lane" of eastbound Highway 70.

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

9.      As a result of the crash, Plaintiff sustained serious physical injuries and her vehicle was totaled.

10.     At all relevant times, Defendant Goff was within the course and scope of his employment with Defendant Triangle.

## COUNT I.
## NEGLIGENCE AND NEGLIGENCE *PER SE*
### (Defendant Russell Goff)

11.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

12.     Defendant Goff was negligent.  This defendant's negligence was the proximate cause of Plaintiff's personal injuries.  Goff was negligent by failing to:

    a.   Keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

    b.   Properly apply the brakes to his truck in order to avoid the collision;

    c.   Turn the direction of the truck away from the Plaintiff's vehicle, in order to avoid the accident;

    d.   Control the speed of the 18-wheeler truck;

    e.   Drive attentively to the road and traffic;

    f.   Identify, predict, decide and execute evasive maneuvers appropriately in order to avoid crashing into Plaintiff; and

    g.   Drive in a safe and non-reckless manner while operating a tractor and trailer on the road.

13.     Defendant Goff's conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations ("CFR").  As such these acts and omissions constitute negligence *per se*.

Electronically Filed - St. Louis County - October 29, 2018 - 12:53 PM

## COUNT II.
## RESPONDEAT SUPERIOR
### (DefendantTriangle Trucking, Inc.)

14.    Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

15.    At the time of the crash described above, Defendant Goff was acting in the course and scope of his employment with Defendant Triangle and, upon information and belief, driving a tractor and trailer owned by Defendant Triangle.  As such, Defendant Triangle is vicariously liable for Defendant Goff's negligence under the doctrine of *respondeat superior.*  Plaintiff alleges that all of these damages, as well as the occurrence made the basis of this action, were proximately caused solely by the conduct of the named Defendants and that the named Defendants are jointly and severally liable for Plaintiff's damages.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

## COUNT III.
## NEGLIGENCE AND NEGLIGENCE *PER SE*
### (Defendant Triangle Trucking, Inc.)

16.    Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

17.    The conduct of Defendant Triangle, by and through its agents, servants and employees, was the proximate cause of Plaintiff's personal injuries.  Defendant Triangle was negligent in the following ways:

      a.    Hiring and employing incompetent drivers such as Defendant Goff;

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

b.      Failing to establish and implement a safety program for its drivers to safely operate its trucks;

c.      Failing to properly train and supervise its truck drivers before authorizing them to operate its trucks on national highways and roadways, including Defendant Goff;

d.      Failing to exercise control and direction over drivers' activities while operating its trucks; and

e.      Failing to communicate to  its drivers, including Defendant Goff, any duties or obligations to ensure compliance of the state and other applicable regulations in the performance of their employment services.

18.      Defendant Triangle's conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations ("CFR").  As such these acts and omissions constitute negligence *per se*.

19.      Each of the above acts and omissions, singularly or in combination with each other, was a  proximate cause of Plaintiff's injuries and damages as described in this Petition.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

<u>**COUNT IV.**</u>
**NEGLIGENT ENTRUSTMENT**
**(by Defendant Triangle Trucking, Inc.)**

20.      Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

21.      Defendant Triangle negligently entrusted its truck to Defendant Goff and in doing so, proximately caused Plaintiff's damages.   Defendant Triangle knew or should have known by exercising ordinary diligence that Defendant Goff was a reckless or incompetent truck driver and should have not allowed him to operate one of its trucks.

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

<u>**COUNT V.**</u>
**EXEMPLARY DAMAGES**

22.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

23.     Plaintiff further alleges that Defendant Triangle should have known that hiring, employing and sending Defendant Goff out on public roads and highways created an unreasonably high degree of risk of substantial harm to others. These acts and omissions, whether taken singularly or in combination, were aggravated by conduct for which the law allows the imposition of exemplary damages.  Defendants' conduct demonstrates a conscious indifference to the rights, safety, or welfare of others.  Accordingly, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, for such sum as will serve to punish Defendants and deter Defendants and others from such conduct.

<u>**COUNT VI.**</u>
**DAMAGES**

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has sustained severe damages in an amount in excess of the minimum jurisdictional limits of this Court.  As a result of her injuries, Plaintiff incurred reasonable and necessary medical expenses in a sum exceeding $48,354.85.  Additional damages include, but are not limited to:

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

- Physical pain (past and future)

- Reasonable and necessary medical, hospital, and nursing expenses (past and future)

- Emotional distress;

- Lost wages (past)

- Mental anguish; and

- Pre and post judgment interest to the extent allowed by law.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that Defendants be cited to appear and answer, and that on final jury trial, Plaintiff be awarded judgment against Defendants, jointly and severally, for the damages cited in this Petition.

## **JURY TRIAL**

Plaintiffs request trial by jury on all counts of this Petition.

Respectfully Submitted,

_Nuru Witherspoon_

Nuru Witherspoon
Missouri Bar Number 66812
The Witherspoon Law Group
1717 McKinney Ave.,  Suite 700
Dallas, Texas 75202
(214) 773-1133 PH
(972) 696-9982 FX

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| **YVONNE COLLINS-MYERS,**<br>**2162A Allen Avenue**<br>**St. Louis, Missouri 63104**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**TRIANGLE TRUCKING, INC.**<br>**Through its Registered Agent**<br>**Patricia A. Counts**<br>**2250 Hein**<br>**Salina, Kansas  67401**<br><br>**and**<br><br>**RUSSELL GOFF**<br>**794 W. Ash St.**<br>**Salina, Kansas  67401,**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)        **Case No. 18SL-CC03620**<br>)<br>)        **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S AMENDED ORIGINAL PETITION

**COMES NOW,** Plaintiff Yvonne Collins-Myers ("Plaintiff"), complaining of and against TRIANGLE TRUCKING, INC. and RUSSELL GOFF (collectively, the "Defendants"), and respectfully shows unto the Court the following:

### PARTIES

1.      Plaintiff Yvonne Collins-Myers is a resident of St. Louis, St. Louis County, Missouri.

2.      Defendant, Triangle Trucking, Inc. ("Defendant Triangle") is a Kansas Corporation and may be served with Summons through its registered agent, Patricia A. Counts, 2250 Hein, Salina, Kansas 67401.   **Issuance of Summons is requested.**

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

3.      Defendant, Russell Goff ("Goff"), is a resident of Salina, Saline County, Kansas, and may be served with Summons at his place of residence, 704 W. Ash St., Salina, Kansas 67401. **Summons has already been issued and service is being perfected.**

## JURISDICTION AND VENUE

4.      Venue is proper in this Court pursuant to RSMo. § 508.010(4).  Plaintiff sustained injuries as a direct and proximate result of acts and omissions committed by the Defendants in St. Louis County, Missouri.

5.      This court has subject matter jurisdiction.  The instant action arises from Defendants' acts and omission in the State of Missouri.

## AGENCY

6.      At all times material hereto, Defendants acted by and through actual, apparent, ostensible or by estoppel agents, acting within the course and scope of such agency.  Accordingly, Defendant Triangle had actual knowledge of all adverse actions and conduct against Plaintiff through its respective officers, directors, vice-principals, agents, servants and/or employees.

## FACTS

7.      On or about October 21, 2017, Plaintiff was traveling in the right lane of eastbound Highway 70 approaching the ramp to Lucas and Hunt Road when she observed an emergency vehicle on the right shoulder of the ramp from South Bound Lucas and Hunt.  Plaintiff responded by slowing her vehicle to allow vehicles exiting the ramp to merge with highway traffic.

8.      Defendant Goff was operating a Freightliner 18-wheeler tractor and trailer and traveling in the right lane of eastbound Highway 70 directly behind Plaintiff.  As Plaintiff slowed her vehicle, Defendant Goff crashed into the rear of Plaintiff's vehicle, causing her to lose control and to spin out into the "fast lane" of eastbound Highway 70.

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

9.      As a result of the crash, Plaintiff sustained serious physical injuries and her vehicle was totaled.

10.     At all relevant times, Defendant Goff was within the course and scope of his employment with Defendant Triangle.

## COUNT I.
## NEGLIGENCE AND NEGLIGENCE *PER SE*
### (Defendant Russell Goff)

11.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

12.     Defendant Goff was negligent.  This defendant's negligence was the proximate cause of Plaintiff's personal injuries.  Goff was negligent by failing to:

   a.  Keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

   b.  Properly apply the brakes to his truck in order to avoid the collision;

   c.  Turn the direction of the truck away from the Plaintiff's vehicle, in order to avoid the accident;

   d.  Control the speed of the 18-wheeler truck;

   e.  Drive attentively to the road and traffic;

   f.  Identify, predict, decide and execute evasive maneuvers appropriately in order to avoid crashing into Plaintiff; and

   g.  Drive in a safe and non-reckless manner while operating a tractor and trailer on the road.

13.     Defendant Goff's conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations ("CFR").  As such these acts and omissions constitute negligence *per se*.

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

## COUNT II.
## RESPONDEAT SUPERIOR
### (DefendantTriangle Trucking, Inc.)

14.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

15.     At the time of the crash described above, Defendant Goff was acting in the course and scope of his employment with Defendant Triangle and, upon information and belief, driving a tractor and trailer owned by Defendant Triangle.  As such, Defendant Triangle is vicariously liable for Defendant Goff's negligence under the doctrine of *respondeat superior.*  Plaintiff alleges that all of these damages, as well as the occurrence made the basis of this action, were proximately caused solely by the conduct of the named Defendants and that the named Defendants are jointly and severally liable for Plaintiff's damages.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

## COUNT III.
## NEGLIGENCE AND NEGLIGENCE *PER SE*
### (Defendant Triangle Trucking, Inc.)

16.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

17.     The conduct of Defendant Triangle, by and through its agents, servants and employees, was the proximate cause of Plaintiff's personal injuries.  Defendant Triangle was negligent in the following ways:

       a.     Hiring and employing incompetent drivers such as Defendant Goff;

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

b.     Failing to establish and implement a safety program for its drivers to safely operate its trucks;

c.     Failing to properly train and supervise its truck drivers before authorizing them to operate its trucks on national highways and roadways, including Defendant Goff;

d.     Failing to exercise control and direction over drivers' activities while operating its trucks; and

e.     Failing to communicate to  its drivers, including Defendant Goff, any duties or obligations to ensure compliance of the state and other applicable regulations in the performance of their employment services.

18.     Defendant Triangle's conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations ("CFR").  As such these acts and omissions constitute negligence *per se*.

19.     Each of the above acts and omissions, singularly or in combination with each other, was a  proximate cause of Plaintiff's injuries and damages as described in this Petition.

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

## <u>COUNT IV.</u>
### NEGLIGENT ENTRUSTMENT
### (by Defendant Triangle Trucking, Inc.)

20.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

21.     Defendant Triangle negligently entrusted its truck to Defendant Goff and in doing so, proximately caused Plaintiff's damages.   Defendant Triangle knew or should have known by exercising ordinary diligence that Defendant Goff was a reckless or incompetent truck driver and should have not allowed him to operate one of its trucks.

Electronically Filed - St. Louis County - October 29, 2018 - 12:53 PM

**WHEREFORE,** Plaintiff respectfully requests judgment be entered in her favor, against Defendants, jointly and severally, for all losses Plaintiff seeks to recover and for further relief as the Court deems just and equitable.

## COUNT V.
## EXEMPLARY DAMAGES

22.     Plaintiff incorporates the Paragraphs set forth above and below as if fully set forth herein.

23.     Plaintiff further alleges that Defendant Triangle should have known that hiring, employing and sending Defendant Goff out on public roads and highways created an unreasonably high degree of risk of substantial harm to others. These acts and omissions, whether taken singularly or in combination, were aggravated by conduct for which the law allows the imposition of exemplary damages.  Defendants' conduct demonstrates a conscious indifference to the rights, safety, or welfare of others.  Accordingly, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, for such sum as will serve to punish Defendants and deter Defendants and others from such conduct.

## COUNT VI.
## DAMAGES

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has sustained severe damages in an amount in excess of the minimum jurisdictional limits of this Court.  As a result of her injuries, Plaintiff incurred reasonable and necessary medical expenses in a sum exceeding $48,354.85.  Additional damages include, but are not limited to:

Electronically Filed - St Louis County - October 29, 2018 - 12:53 PM

- Physical pain (past and future)

- Reasonable and necessary medical, hospital, and nursing expenses (past and future)

- Emotional distress;

- Lost wages (past)

- Mental anguish; and

- Pre and post judgment interest to the extent allowed by law.

## PRAYER

**WHEREFORE,** Plaintiff prays that Defendants be cited to appear and answer, and that on final jury trial, Plaintiff be awarded judgment against Defendants, jointly and severally, for the damages cited in this Petition.

## JURY TRIAL

Plaintiffs request trial by jury on all counts of this Petition.

Respectfully Submitted,

_____

Nuru Witherspoon
Missouri Bar Number 66812
The Witherspoon Law Group
1717 McKinney Ave.,  Suite 700
Dallas, Texas 75202
(214) 773-1133 PH
(972) 696-9982 FX

**ATTORNEYS FOR PLAINTIFF**

**LEAVE GRANTED:**

Judge          Division 18
November 02, 2018

FILED

NOV 02 2018



### IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

JOAN M. GILMER
CIRCUIT CLERK ST. LOUIS COUNTY

RECEIVED

OCT 23 2018

SALINE COUNTY
SHERIFF DEPT

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 18SL-CC03620 |
|---|---|
| Plaintiff's/Petitioner:<br>YVONNE COLLINS-MYERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NURU LATEEF WITHERSPOON<br>2614 MAIN ST<br>DALLAS, TX  75226 |
| Defendant/Respondent:<br>THOMPSON COMPANIES INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Vehicular | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:  THOMPSON COMPANIES INC**<br>                                **Alias:  TRIANGLE TRUCKING CO**<br>**3614 W ARROW**                        **SERVE REGISTERED AGENT:**<br>**MARSHALL, MO 65340**              **JOSEPH T THOMPSON** | |

     *COURT SEAL OF*



*ST. LOUIS COUNTY*

                      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
                      **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

     <u>12-OCT-2018</u>
     Date                                    /Clerk

     Further Information:
     ALD

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at *Residence* _____ (address)

in *Saline County* (County/City of St. Louis), MO, on *10/24/18* (date) at *1:46* (time).

_____
     Printed Name of Sheriff or Server              Signature of Sheriff or Server

           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

     *(Seal)*

           My commission expires: _____  _____
                                  Date                          Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ *20.00* |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ *1.00* (_____ miles @ $._____ per mile) |
| **Total** | $ *31.00* |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 18-SMCC-8423**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 18-SMCC-8423**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  18SL-CC03620 |
| Plaintiff/Petitioner:<br>YVONNE COLLINS-MYERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>NURU LATEEF WITHERSPOON<br>2614 MAIN ST<br>DALLAS, TX  75226 |
| Defendant/Respondent:<br>THOMPSON COMPANIES INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **TRIANGLE TRUCKING, INC**
                          Alias:

**REGISTERD AGENT:**
**PATRICIA A COUNTS**
**2250 HEIN**
**SALINA, KS  67401**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
        SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

__09-NOV-2018__
**Date**                                              _____
**Further Information:**                                        Clerk
**GB**

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
        Printed Name of Sheriff or Server                        Signature of Sheriff or Server
        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                               (use for out-of-state officer)
        *(Seal)*            ☐ authorized to administer oaths.  (use for court-appointed server)

                                                   _____
                                                          Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

   **(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

   **(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

   **(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

   If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

   A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

   The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73