# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE COLLINS-MYERS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-02137 SRC |
| | ) | |
| TRIANGLE TRUCKING, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Daubert Motion to Exclude Testimony of Thomas Morris [47], Defendants' Motion to Exclude Plaintiffs' Untimely Disclosure of Supplemental Opinions of Thomas Morris [49], and Defendants' Motion to Dismiss Negligence *Per Se* Claims in Counts I and III of Plaintiff's Amended Petition [51]. The Court grants, in part, and denies, in part, the Motion to Exclude Testimony, denies the Motion to Exclude Plaintiff's Untimely Disclosure as moot, and grants the Motion to Dismiss Negligence *Per Se* Claims.

## I. BACKGROUND

This action arises out of an accident that occurred on October 21, 2017, when Goff, driving an 18-wheeler tractor and trailer, crashed into the rear of Yvonne Collins-Myers's car, causing her car to spin out of control. In this suit, Collins-Myers seeks damages from Russell Goff, and his employer Triangle, for the total loss of the car and for the personal injuries she sustained. Collins-Myers asserts four claims: (1) Negligence and Negligence *Per Se* against Goff, (2) Respondeat Superior against Triangle; (3) Negligence and Negligence *Per Se* against Triangle; and (4) Negligent Entrustment against Triangle.

1

## II. MOTION TO EXCLUDE TESTIMONY OF THOMAS MORRIS

In their Motion to Exclude, Defendants seek to exclude the testimony of Collins-Myers's expert, Thomas Morris, under Federal Rule of Evidence 702. Defendants assert that Collins-Myers designated Morris as an expert to determine if there was sufficient time and distance for Goff to safely stop behind her vehicle. Defendants argue that Morris admits he did not have sufficient information to make such a determination and the calculations and conclusions he did make are based on a series of assumptions. According to Defendants, the Court must exclude his testimony because it is purely speculative, fails to meet the reliability requirements of FRE 702, and is unsupported by any known facts or evidence.

### A. Standard

Federal law governs the admissibility of expert testimony in diversity cases in federal court. *Clark ex rel. Clark v. Heidrick*, 150 F.3d 912, 914 (8th Cir. 1998). Federal Rule of Evidence 702 controls the admission of expert opinion and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the United States Supreme Court interpreted Rule 702 to require district courts to be certain that expert evidence based on

scientific, technical, or other specialized knowledge is "not only relevant, but reliable." 509 U.S. 579, 590 (1993). The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93.

Proposed expert testimony must meet three criteria to be admissible under Rule 702. "First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). "Second, the proposed witness must be qualified to assist the finder of fact." *Id.* (citation omitted). "Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." *Id.* (internal quotation marks omitted). To meet the third criterion, the testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

"Federal Rule of Evidence 702 reflects an attempt to liberalize the rules governing the admission of expert testimony." *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007) (citing *Lauzon*, 270 F.3d at 686). The rule "favors admissibility if the testimony will assist the trier of fact." *Clark*, 150 F.3d at 915. Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Id.* (citation and internal quotation omitted).

Under Rule 702, the trial court has gatekeeping responsibility to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (citing *Daubert*, 509 U.S. at 597). "When

making the reliability and relevancy determinations, a district court may consider: (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) whether the theory or technique has a known or potential error rate and standards controlling the technique's operation; and (4) whether the theory or technique is generally accepted in the scientific community." *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012) (citing *Daubert*, 509 U.S. at 593-94). "This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands." *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005). "There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant." *Id.*

As a general rule "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Nebraska Plastics, Inc. v. Holland Colors Am., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (quoted case omitted). However, "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Id.* (quoted case omitted). An expert opinion is fundamentally unsupported when it "fails to consider the relevant facts of the case." *Id.*

**B. Discussion**

In his report, Morris states Collins-Myers hired him to address the question, "was there sufficient time and distance for the semi to safely stop behind the slowing Malibu?" Doc. 47-1, pg. 3. When preparing his report, Morris only had the police report and a black and white photocopy of "a damage photo which appears to show the rear of the Malibu." *Id*. He further states in his report, "Since there are many variables that are unknown, my review must

4

necessarily be limited to a general discussion of the primary issues." *Id*. He then proceeds to build a scenario, which he describes as "at the limits," based on a series of assumptions including the speeds of both vehicles, the reaction time of the truck driver, and the condition of the truck's brakes. *Id*. Using these variables, Morris determines a safe following distance under this set of circumstances. *Id*. at 5. According to Morris, "a truck with minimum legal braking can follow a lead vehicle [at] just over 225 ft and still come to a safe stop if it engages in unexpected and sudden emergency braking." *Id*. at 5. Morris concludes as follows:

> Although we don't need to know a great deal of specifics, it seems that had an operator maintained the recommended safe following distance, a collision would have been unlikely. The collision itself suggests either an unsafe following distance, inattention or both by Goff as likely contributing factors to the collision.

*Id*. at 6.

In his deposition, Morris stated:

Essentially because we don't know information. What I was trying to do is set up a set of circumstances by which we could test the limits to see what the most extreme set of circumstances or most unexpected circumstances presented to the truck driver might be as opposed to, you know, what that would mean as to the level or what following distance he might have been at. And, again, the assumptions I have made here at the actions of the simulation were those that I have no belief that either driver engaged in. I have no information that confirms that she engaged an emergency braking maneuver at the full braking capability of the vehicle, nor did he.

Doc. 50-2, pg. 10; 34:20-35:9. Morris readily admits in his deposition, and makes clear in his report, that he has not been provided any information or facts specific to the collision between Goff and Collins-Myers to make an actual determination of whether Goff could have stopped in time to avoid a collision with Collins-Myers. Morris's deposition testimony and report reveal that any conclusion by Morris that Goff could have stopped in time, he followed at an unsafe distance, was inattentive, or both, lacks sufficient facts or data to support it; thus, his testimony is

5

not "reliable or trustworthy in an evidentiary sense" and therefore inadmissible. *Lauzon*, 270 F.3d at 686.

However, Morris may testify to the distance needed for a truck to stop under the most extreme or unexpected set of circumstances, as he describes it. This opinion can aid the jury in giving them a context to determine if, using the facts presented at trial, Goff drove at an unsafe distance or was inattentive. Defense counsel may cross examine Morris as to the assumptions he makes to reach this conclusion.

### III. MOTION TO EXCLUDE SUPPLEMENTAL OPINIONS

In their Motion to Exclude the Supplemental Opinions of Morris, Defendants ask the Court to exclude a January 14, 2020 letter Morris sent to Collins-Myers's counsel. Defendants argue that the letter discloses new opinions, the late disclosure does not comply with the deadlines in the Amended Case Management Order, and Collins-Myers has not shown substantial justification for her failure to meet the deadlines. Collins-Myers asserts that the letter clarifies the purpose of Morris's testimony and does not alter his ultimate conclusions that inattentiveness and unsafe following distance contributed to the accident.

In the letter, Morris states the purpose is "to clarify any confusion regarding the opinions in the case." Doc. 50-3. He then states,

> Simply stated, a semi-tractor trailer combination with minimum legal brakes following at a FMCSA recommended 5 seconds operated by a reasonably alert drive, would not have had an issue coping with a slowing lead vehicle. As stated in my testimony, I can't exclude the possibility that this driver was operating beyond a safe following distance. However, for a collision to have occurred under these conditions, would have required a significant level of inattention. Therefore, it is more likely than not, that one of these two conditions existed: inattention or unsafe following distance. Without further evidence or information, I can't say which.

*Id*.

The Court need not decide whether Morris's letter constitutes a supplemental expert report or a clarification of his earlier opinions, because the Court excluded Morris's opinions that Goff was inattentive or following at an unsafe distance. Therefore, the Court also excludes this letter, which further asserts those opinions, and denies Defendants' Motion as moot.

IV. **MOTION TO DISMISS**

Defendants ask the Court to dismiss the negligence *per se* claims asserted in Counts I and III. The legal issue turns on whether a plaintiff must allege a violation of a specific statute or regulation to state a negligence *per se* claim. Collins-Myers asserts she does not have to plead a specific statute or regulation but instead that she need allege only a general reference to the applicable federal regulations and enough underlying factual predicate to support a claim, which she claims she has done. Because neither party argues a negligence *per se* claim cannot be based on a violation of a regulation, the Court will not address that issue.

A. **Waiver of Motion to Dismiss**

Although Collins-Myers did not raise this argument in her response brief, the Court first must address whether Defendants waived the motion by filing it after filing their answers. Defendants filed their motion pursuant to FRCP 12(b)(6), but that Rule states, "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." *See also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, Rule 12(h)(2) allows a defense of failure to state a claim upon which relief can be granted in a motion for judgment on the pleadings under Rule 12(c). *See also Westcott*, 901 F.2d at 1488. Therefore, the Court treat Defendants' Motion as a Rule 12(c) motion. *Id*.

**B. Standard**

The Court reviews a motion for judgment on the pleadings "under the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

**C. Discussion**

Under Missouri substantive law, which governs this diversity case, "[n]egligence per se is a form of ordinary negligence that results from the violation of a statute." *Weinbach v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 4:16CV783 JCH, 2017 WL 3621459 at *2 (E.D. Mo. Aug. 23, 2017). On a negligence *per se* claim, the Court instructs the jury on the statutory standard of care rather than the care of the reasonable person. *Id*. To establish a claim for negligence per se, a plaintiff must allege:

> (1) a violation of a statute or ordinance; (2) the injury party must be within the class of persons intended to be protected by the statute or ordinance; (3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and (4) the violation of the statute or ordinance must be the proximate cause of the injury.

*Id*. at *3 (quoting *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002)). First, the Court must determine if the statute at issue is one on which negligence *per se* may be based; usually this involves safety statutes. *Id*. Next, the Court must consider whether the legislature intended to replace the standard of care in a negligence action. *Id*.

The Amended Complaint simply states "Defendant Goff's [or Triangle's] conduct violated multiple regulations issued by the Federal Motor Carrier Safety Administration in the U.S. Code of Federal Regulations." ¶¶ 13, 18. Collins-Myers does not identify a specific statute or regulation she believes Defendants violated. Without identification of a specific statute or regulation, neither Defendants, nor the Court, can determine if the statute at issue is one on which negligence *per se* may be based, if the class of persons intended to be protected by the statute includes Collins-Myers, or if the injury is one of the nature the statute was designed to prevent. Consequently, Collins-Myers fails to state a claim for negligence *per se*. *See Williams v. Chase Home Finance, LLC*, No. 4:12-CV-1803 JAR, 2013 WL 3282878 at *5 (E.D. Mo. Jun. 27, 2013) ("The Court agrees that Plaintiffs fail to state a claim for negligence *per se* because they have failed to identify a statute or ordinance that [Defendants] allegedly violated."). The Court dismisses the negligence *per se* claims asserted in Counts I and III.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Daubert Motion to Exclude Testimony of Thomas Morris [47] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Plaintiffs' Untimely Disclosure of Supplemental Opinions of Thomas Morris [49] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Negligence *Per Se* Claims in Counts I and III of Plaintiff's Amended Petition [51] is **GRANTED**. The Court dismisses the negligence *per se* claims in Counts I and III.

So Ordered this 25th day of March, 2020.

*/s/ SL R. CR*

_____
**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**