UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE COLLINS-MYERS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-02137 SRC |
| | ) | |
| TRIANGLE TRUCKING, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Triangle Trucking, Inc.'s Motion for Partial Summary Judgment [53]. The Court grants the Motion.

## I. BACKGROUND

This action arises out of an accident that occurred on October 21, 2017, when Goff, driving an 18-wheeler tractor and trailer, crashed into the rear of Yvonne Collins-Myers's car, causing her car to spin out of control. In this suit, Collins-Myers seeks damages from Russell Goff, and his employer Triangle, for the total loss of the car and for the personal injuries she sustained. Collins-Myers asserts four claims: (1) Negligence and Negligence *Per Se* against Goff, (2) Respondeat Superior against Triangle; (3) Negligence and Negligence *Per Se* against Triangle; and (4) Negligent Entrustment against Triangle. The Court dismissed Collins-Myer's negligence *per se* claims. Doc. 66.

In its Motion for Partial Summary Judgment, Triangle challenges Counts III, IV, and V of Collins-Myers's Amended Complaint asserting she has not adduced any evidence or testimony establishing the existence of genuine fact as to these counts.

1

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts demonstrating a genuine dispute on the specific issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). The non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III. DISCUSSION

Triangle asks the Court to grant summary judgment as to Counts III, IV, and V of Collins-Myers's Amended Complaint on the basis that Collins-Myers has no evidence to support her claims for negligence, negligent entrustment, and exemplary damages. In support, Triangle submitted an affidavit from its safety director. Collins-Myers argues that the affidavit is conclusory and cannot support a motion for summary judgment.

In her Amended Complaint, Collins-Myers asserts three claims against Triangle. In Count III she asserts a negligence claim and alleges Triangle was negligent in hiring and employing incompetent drivers, failing to establish and implement a safety program for its drivers, failing to properly train and supervise its drivers before authorizing them to operate its trucks on national highways and roadways, failing to exercise control and direction over drivers' activities, and failing to communicate to its drivers any duties or obligations to ensure compliance with state law and other applicable regulations. In Count V, Collins-Myers asserts a claim for negligent entrustment and alleges Triangle entrusted its truck to Goff and proximately caused her damages and it knew or should have known, by exercising ordinary diligence, that

3

Goff was a reckless or incompetent truck driver. Finally, in Count V, Collins-Myers asserts a claim for punitive damages. Collins-Myers alleges that Triangle should have known that hiring, employing, and sending Goff out on public roads and highways created an unreasonably high degree of risk of substantial harm to others.

Under Missouri substantive law, which governs these claims, Collins-Myers must prove that Triangle had some degree of prior knowledge Triangle that its actions could cause harm to others. To establish a claim for negligent hiring or retention, a plaintiff must show that "'(1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries.'" *Lambert v. New Horizons Cmty. Support Servs., Inc.*, No. 2:15-cv-04291-NKL, 2016 WL 1562963 at *4 (W.D. Mo. Apr. 18, 2016) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997)); *see also Hejnal v. U.S. Xpress, Inc.*, No. 4:17-CV-2557 CAS, 2018 WL 534376 at *3 (E.D. Mo. Jan. 24, 2018). Similarly, a claim for negligent supervision, requires "evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment." *Reed v. Kelly*, 37 S.W.3d 274, 278 (Mo. Ct. App. 2000). Negligent entrustment requires the plaintiff to prove that "(1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness, or otherwise; (2) the entrustor knew or had reason to know of the entrustee's incompetence; (3) there was entrustment of the chattel; and (4) the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the plaintiff's injuries." *Eagle Express Lines, Inc.*, No. 4:18-CV-01152 AGF, 2018 WL 6445623 at *2 (E.D. Mo. Dec. 10, 2018) (citing numerous cases). Finally, a plaintiff may recover punitive damages only if "the defendant knew or had reason to know that there was a high probability the action would result in injury." *MKM ex. Rel. Morrow v. Union Pacific R.R. Co.*, No. 4:09CV754

SNLJ, 2009 WL 2836436 at *2 (E.D. Mo. Aug. 27, 2009) (citing *Alack v. Vic Tanney Int'l of Missouri*, 923 S.W.2d 330, 338 (Mo. 1996)).

Thus, for any of these claims, Collins-Myers must show that Triangle had some prior knowledge that Goff was an unsafe driver and that hiring him had some heightened likelihood of resulting in injury to others. Triangle supports its Motion through an affidavit by Wayne Counts, safety director for Triangle, in which he states Triangle performed a background check and ensured Goff was qualified to drive a truck, performed an evaluation of Goff's driving history and ensured he was suitable to drive a truck, and evaluated his prior work experience and determined he was qualified to operate a commercial truck. Triangle also argues that Collins-Myers has no evidence to show it had prior knowledge that Goff was an unsafe driver.

While some of the statements in Counts's affidavit are conclusory as Collins-Myers argues, the Court still must grant summary judgment to Triangle based on its argument that Collins-Myers has no evidence to show it had prior knowledge that Goff was an unsafe driver. The Court may grant summary judgment where the party bearing the burden to establish the claim has no evidence to support its claim. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006) ("Once a movant for summary judgment has pointed out to the district court that there is an absence of evidence to support an essential element for which the nonmovant will have the burden of proof at trial, the nonmovant must make a sufficient showing that there is a genuine issue of fact as to that element."). Rule 56 has "no express or implied requirement . . . that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp.*,

477 U.S. at 324 (emphasis in original).  Thus, the Court must grant summary judgment in favor of Triangle unless Collins-Myers presents evidence in support of Counts III, IV, and V.

In response to Triangle's Motion, Collins-Myers provides no facts to show Triangle had any prior knowledge that its hiring and supervising Goff would cause injury or harm to others. As the Seventh Circuit has stated, summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007).  Because Collins-Myers fails to create a genuine issue of material fact as to Counts III, IV, or V against Triangle, the Court grants the Motion for Partial Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Triangle Trucking, Inc.'s Motion for Partial Summary Judgment [53] is **GRANTED**.  The Court dismisses Counts III, IV, and V with prejudice.

So Ordered this 25th day of March, 2020.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**