**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| YVONNE COLLINS-MYERS, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:18-cv-02137 SRC |
| TRIANGLE TRUCKING, INC., et al., | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This is a straightforward case involving a car accident. Collins-Myers alleges Russell Goff, while working for Triangle Trucking, negligently drove his semi-tractor and trailer into Collins-Myers's vehicle, causing her serious physical injuries and totaling her vehicle. One month after Defendants removed the case to this Court, the Court entered a Case Management Order setting the date for Collins-Myers's disclosure of expert witnesses in March 2019. In July, 2019, the parties moved to amend the Case Management Order and the Court entered a new order extending the deadline for Collins-Myers's expert disclosure to October 2019. In January 2020, Collins-Myers moved to amend the Case Management Order for a second time and sought leave to designate her medical providers as experts. The Court denied the motion.

Now, six months later, and less than two months before trial, Collins-Myers seeks to reclassify her treating physicians as experts so that they may rely on their medical and scientific background when testifying about the treatment they provided. Federal Rule of Civil Procedure 37(c)(1) prohibits a party from using a witness to supply evidence that it failed to disclose in its Rule 26 disclosures unless the failure was "substantially justified or is harmless." Rule 26(a)(2) requires parties to disclose expert witnesses, the CMO and amended CMO set deadlines for

1

doing so, and the undersigned's Requirements reinforce that for treating physicians to give opinion testimony, they must be timely disclosed as experts. Collins-Myers has not shown her failure to designate her treating physicians as experts is substantially justified or harmless.

Based on the contents of her Motion, Collins-Myers chose not to designate her treating physicians as experts because she believed she did not need to due to the sudden-onset injury doctrine under Missouri law and her own ability to testify as to her medical bills. After the parties attended mediation and Defendants expressed their belief that Collins-Myers's failure to designate her treating physicians as experts precludes liability, Collins-Myers changed course and wanted to designate her treating physicians designated as experts. Thus, Collins-Myers's substantial justification for her failure to abide by disclosure rules, or comply with the Court's Case Management Order, is her decision to change her trial strategy. Changing one's mind does not constitute substantial justification for a failure to abide by the Rules.

Further, Collins-Myers's failure to timely disclose her experts is not harmless to Defendants. They relied on her assertions that she had not designated any non-retained expert witnesses in deciding whether to designate their own experts. They also relied on this assertion in deciding not to depose Collins-Myers's treating physicians. Now, on the eve of trial, it is too late for Defendants to depose these experts and find their own without an extension of the trial date, which the Court will not do after twice amended the Case Management Order in a case that has been pending since 2018. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) ("Allowing the evidence would almost certainly require a continuance of trial so that [Defendant] could first have the opportunity to conduct depositions and potentially find rebuttal evidence."). Collins-Myers disclosed her treating physicians as fact witnesses and they may testify as such. However, the Court will not permit Collins-Myers to designate her

2

treating physicians as experts, because Collins-Myers has not shown that her failure to comply with disclosure rules is substantially justified or harmless.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Yvonne Collins-Myers's Motion to Reclassify Treating Physicians for Limited Expert Testimony [74] is **DENIED**.

So Ordered this 13th day of July, 2020.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**